IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENT EUGENE ANDERSON, TDCJ #1474470, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-21-1889 |
| UNITED STATES OF AMERICA,[1] et al., | § § § | |
| Respondents. | § § | |

### MEMORANDUM OPINION AND ORDER

The petitioner, Brent-Eugene: Anderson, also known as Brent Eugene Anderson (TDCJ #1474470), is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division. Anderson has filed a Letter of Notice ("Notice") seeking enforcement of a Private Treaty of Peace 2020 ("Private Treaty") by federal officials (Docket Entry No. 1, pp. 2-3). Because Anderson filed this civil action while incarcerated, the court is required to scrutinize the pleadings and dismiss the case if it determines that the action is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted;" or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.

---

[1]The petitioner does not identify a respondent, but his submission lists United States Secretary of State Antony J. Blinken and United States Marshal for the Southern District of Texas T. Michael O'Conner "or his successor" (Docket Entry No. 1, pp. 2-3).

§ 1915A(b). The court concludes that this case must be dismissed for the reasons explained below.

**I. Discussion**

Anderson demands enforcement of a Private Treaty that is attached to the Notice.[2] The Private Treaty, which appears to consist of a document that was downloaded from the internet, purports to be "By and Between Gene Stanaker, Phillip Hudok, Arnie Rosner, Alicia Lutz-Rolow, Leonard Frank house of Harview, Keith Lawrence Moore and any and all natural born men/women so opting in by Free-will of choice (born on the soil of the United States of America to a father and/or mother who is natural born or naturalized by and through lawful means) and the United States of America . . . ."[3] Anderson appears to believe that the Private Treaty affords relief to anyone who opts in to an "Arbitration Award" similar to other documents that have been discredited by the courts. See Martinez v. Trump, 20-CV-9651 (CM), 2021 WL 797645, at * 1, n.1 (S.D.N.Y. Feb. 26, 2021) (citations omitted) (rejecting an inmate's proof of claim based on a plainly invalid arbitration award from the Sitcomm Arbitration Association).

According to the Notice, Anderson demands the immediate enforcement of a provision outlining "AFFIRMATIVE RELIEF" under the

---

[2]See Private Treaty, attached to Notice, Docket Entry No. 1, pp. 4-11.

[3]Id. at 6.

-2-

terms of the Private Treaty.[4] The relief referenced in this provision includes unconditional release from detention for any incarcerated beneficiary, the dismissal of all pending legal actions and previously adjudicated cases, freedom from retaliation, and the return of all seized real and personal property, among other things.[5] The Private Treaty also purports to grant monetary relief through enforcement of a provision that requires the United States to pay a "contractual penalty at a rate of $777 per diem per party starting on the ninth day of January, in the Year of our Creator two thousand nineteen up until the twenty first day of January, in the year of our Creator two thousand nineteen, continuing and accruing per diem at the rate of $777 per party until full payment, settlement and closure."[6] The provision further authorizes an immediate payment of $10,101.[7] The Private Treaty, which purports to be "fully and completely perpetual, and is completely and wholly binding upon any and all assigns, agents and successors regardless of form and format," states that it is enforceable by the "United States of America Marshal Service[.]"[8]

---

[4]See Notice, Docket Entry No. 1, p. 2.

[5]See Private Treaty, attached to Notice, Docket Entry No. 1, p. 8.

[6]Id. at 10.

[7]Id.

[8]Id. at 11.

Anderson's request for enforcement could be construed to arise under the federal mandamus statute, which provides that district courts shall have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The Private Treaty that Anderson seeks to enforce, however, bears no hallmarks of a legally binding document that has been implemented for his benefit. Anderson does not reference any other authority for his claim that he is entitled to rights under the Private Treaty that he presents.

A claim may be dismissed as frivolous when it "lacks an arguable basis in law or in fact." Neitzke v. Williams, 109 S. Ct. 1827, 1831-32 (1989); see also Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992). Because the claims in this case are based on an "indisputably meritless legal theory," this action will be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b). See Neitzke, 109 S. Ct. at 1833; see also Renaud v. Trump, 1:21-CR-1023 (LTS), 2021 WL 2337655, at *2-3 (S.D.N.Y. June 7, 2021) (dismissing similar claims as frivolous).

## II.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The civil action filed by Brent Eugene Anderson (TDCJ #1474470) is **DISMISSED with prejudice** as frivolous.

2. The dismissal will count as a **STRIKE** for purposes

of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Order to (1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711; and (2) the Manager of Three Strikes List at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this 14th day of June, 2021.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE